# United States Court of Appeals for the Fifth Circuit

---

No. 22-50760

---

United States Court of Appeals
Fifth Circuit

**FILED**
January 9, 2023

Lyle W. Cayce
Clerk

TRAVELL D. HARVEY,

*Plaintiff—Appellant*,

*versus*

UNITED STATES TREASURY,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:22-CV-789

---

Before HAYNES, ENGELHARDT, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Travell D. Harvey, currently incarcerated at the McLennan County Jail, moves to proceed in forma pauperis (IFP) on appeal following the district court's dismissal, as frivolous, of his pro se complaint. Harvey's IFP motion challenges the district court's determination that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into whether the appeal is taken in good faith "is limited to

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

In his appellate filings, Harvey renews the claim he raised in his complaint, wherein he demanded at least $250,000 but not more than $1 million under the Uniform Commercial Code, and he asserts that he is entitled to proceed IFP on appeal merely because he is indigent. As discussed by the district court, Harvey's claim revolves around the legally unfounded "redemptionist theory." *Cf. Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3d Cir. 2008) (explaining the theory).

Harvey does make the requisite showing that he has a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220. Accordingly, his motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.

The district court's dismissal of Harvey's complaint as frivolous and the dismissal of this appeal as frivolous each count as strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Harvey is WARNED that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).